# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEVIN DARNELL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | 1:15-CV-0297-WBH |
| MAJOR KIRT BEASLEY, et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## BRIEF IN SUPPORT OF DEFENDANT LT. COL. KIRT BEASLEY'S[1] MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

Kevin Jones contends that he was overdetained and his civil rights violated when Lt. Col. Kirt Beasley ordered that he be returned to the Fulton County Jail after he was transported to a defunct treatment program, even though it was discovered that he had been sentenced to thirteen months in prison, and thus, erroneously released from custody. Further, Jones maintains that even after the court allegedly corrected the sentencing error, he continued to remain in jail, in further violation of his Fourteenth Amendment rights. However, Jones' overdetention claim must fail because Lt. Col. Beasley properly followed Fulton

---

[1] Plaintiff is a Lieutenant Colonel in the Fulton County Sheriff's Office and not a Major.

1

County Sheriff's Office policy regarding releases and the orders of the court. How then can Jones' claim survive? In short, it cannot, which is why pursuant to Fed. R. Civ. P. 56 and L.R. 56.1 of the United States District Court for the Northern District of Georgia, Lt. Col. Beasley files this Brief in Support of her Motion for Summary Judgment.

## STATEMENT OF FACTS

In 2012, Judge Lovett, a Georgia state court judge, sentenced Plaintiff Kevin Jones ("Plaintiff") to a term of probation. Doc. 1, Compl., p. 3. In June 2013, Plaintiff was arrested on a new charge. Id. As a result of that arrest, Judge Lovett revoked the remaining balance of Plaintiff's probation and sentenced him to the state penitentiary for one year, five months and twenty-eight days.[2] A different judge, Judge Russell, imposed a new term of probation for the new charge, and though it was her intent to terminate Judge Lovett's probationary term on the old charge,[3] she failed to do so via her written order.[4] Judge Russell's probationary

---

[2] See January 6, 2014 Order of Revocation (filed January 7, 2014), attached hereto as "Exhibit A."

[3] See January 6, 2014 Transcript of Sentence Before the Honorable Constance Russell (filed February 10, 2014), pp. 5 -9, attached hereto as "Exhibit B."

[4] See January 6, 2014 Final Disposition (filed January 8, 2014), attached hereto as "Exhibit C."

term for the 2013 offense included six months at a sober living program in East Point, Georgia and what Plaintiff contends was a "come back" notice. Id. This alleged "come back" notice required that Plaintiff report to probation on January 22, 2014, if he was not in the sober living program, or that he report to probation within forty-eight hours of being placed in the sober living program. Id. Plaintiff contends that the "come back" notice inferred release if the sober living program was closed. Id. Plaintiff's original transport order to the sober living program expired before he was transferred, and Plaintiff's criminal attorney had to obtain a new transport order for January 20, 2014. Id.

On January 20, 2014, Plaintiff was processed out of jail and turned over to Sgt. King of the Fulton County Jail transport division. Id. However, during transport to the sober living program, Fulton County Jail officials learned that the program had closed. Id. Lt. Col. Beasley told the transport officers to return Plaintiff to the Fulton County Jail, despite his protests and the "come back" notice. Id.

---

Though Judge Russell attempted to correct her error by way of "Exhibit D," attached hereto, she failed to properly reference case number 10SC91255, Judge Lovett's 2010 probation case, in her February 25, 2014 Amended Order (filed February 26, 2014).

On January 28, 2014, Plaintiff was transferred to Coastal State Prison to serve the state penitentiary sentence imposed by Judge Lovett when he revoked Plaintiff's 2012 probation sentence. Id. As a result, Plaintiff filed a habeas petition in the state court and, on March 3, 2014, Judge Russell ordered Plaintiff's immediate release.[5] Id. However, Judge Russell did not file an amended order administratively closing Judge Lovett's probation case until March 11, 2014.[6] Upon her doing so, Plaintiff was immediately released from the Fulton County Jail. Beasley Aff., ¶ 10, attached hereto as Exhibit G.

## CLAIM ALLEGED BY PLAINTIFF

Plaintiff asserts a claim under 42 U.S.C. § 1983 for an alleged violation of his Fourteenth Amendment due process rights resulting from his alleged overdetention in the Fulton County Jail after being sentenced. Doc. 1. Plaintiff is seeking compensatory, declaratory and punitive damages as well as attorney's fees and costs. Id. Plaintiff filed his civil rights complaint on January 29, 2015. Id.

The district court initially dismissed Plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A, finding that it was barred under *Heck v.*

---

[5] See March 3, 2014 Transcript of Modification of Sentencing Hearing (filed October 19, 2016), attached hereto as "Exhibit E."

[6] See March 11, 2014 Amended Order (filed March 11, 2014), attached hereto as "Exhibit F."

*Humphrey*, 512 U.S. 477 (1994) because Plaintiff failed to show his conviction or sentence had been reversed or invalidated.  Doc. 17.  Plaintiff appealed to the Eleventh Circuit, which reversed the district court, holding that Plaintiff's allegations do not improperly call into question the validity of his conviction or sentence, and remanded the case for further proceedings.  Doc. 48.

Even when viewing the evidence in the light most favorable to Plaintiff, Lt. Col. Beasley must prevail.  Plaintiff cannot prove every essential element of his claim.  Moreover, there are no genuine disputes as to any **material** fact, and this Court should grant Defendant's summary judgment motion as a matter of law.

## STANDARD OF REVIEW

While the Court must view the evidence in the light most favorable to the non-moving party, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "The party moving for summary judgment has the burden of establishing the absence of a genuine issue of material fact." Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)).  If the movant successfully discharges this initial burden, the burden then shifts to the

non-movant to establish that genuine issues of material fact exist by going beyond the mere pleadings. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Brown, 906 F.2d at 670 ("When a motion for summary judgment has been made properly, the nonmoving party may not rely solely on the pleadings, but by affidavits, depositions, answers to interrogatories, and admissions must show that there are specific facts demonstrating that there is a genuine issue for trial.").

"Genuine disputes of facts are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009). "[U]nsubstantiated assertions alone are not enough to withstand a motion for summary judgment." Rollins v. TechSouth, Inc., 833 F.2d 1525, 1529 (11th Cir. 1987); see also Bald Mountain Park, Ltd. v. Oliver, 863 F.2d 1560, 1563 (11th Cir. 1989) ("Mere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment."); Shuler v. Bd. of Trustees of Univ. of Alabama, 480 F. App'x 540, 544 (11th Cir. 2012).

Moreover, when evaluating claims brought by a *pro se* plaintiff, as we have in this case, the Eleventh Circuit has held, "[a]lthough we must view factual

inferences favorably toward the nonmoving party and *pro se* complaints are entitled to a liberal interpretation by the courts, we hold that a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." Brown, 906 F.2d at 670.

## ARGUMENT AND CITATION OF AUTHORITY

### I.  Lt. Col. Beasley, In Her Official Capacity, Is Entitled To Eleventh Amendment Immunity From Plaintiff's Federal Claim.

Plaintiff's federal law claims against Lt. Col. Beasley, in her official capacity, are barred as a matter of law because at all pertinent times, she was acting as an arm of the state. "Eleventh Amendment immunity bars suits brought in federal court when the State itself is sued and when an arm of the State is sued." Pellitteri v. Prine, 776 F.3d 777, 779 (11th Cir. 2015) (citing Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc) (internal quotations omitted). "To receive Eleventh Amendment immunity, a defendant need not be labeled a 'state officer' or 'state official,' but instead need only be acting as an 'arm of the State,' which includes agents and instrumentalities of the State." Id. (citation omitted).

A Georgia Sheriff's Deputy, as indicated in Manders, acts as an arm of the State when performing her duties at the jail, and thus, is entitled to Eleventh

Amendment immunity when sued in her official capacity as a result of performing such duties.  See Manders, 338 F.3d at 1309-28; Purcell ex. rel. Estate of Morgan v. Toombs County, GA, 400 F.3d 1313, 1325 (11th Cir. 2005) (Georgia Sheriff acts as an arm of the State when promulgating policies and procedures governing conditions of confinement at the jail and is therefore entitled to Eleventh Amendment immunity).  Here, Lt. Col. Beasley was acting as an arm of the state when, as part of her jail duties, she ordered that Plaintiff be returned to the Fulton County Jail when it was determined that the sober living program that Plaintiff was sentenced to attend was no longer open.  Thus, Plaintiff's claim against Lt. Col. Beasley in her official capacity should is barred by Eleventh Amendment Immunity.

**II.     Lt. Col. Beasley, In Her Official Capacity, Is Not A Person Subject to Suit Under Section 1983.**

Under section 1983, neither a State nor its officials acting in their official capacities are considered "persons."  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  In Will, the United States Supreme Court upheld the Michigan Supreme Court's ruling that neither the Michigan Department of State Police nor the Director of State Police were "persons" subject to suit under section 1983.  Id. In reference to state officials, the Court specifically found that though "state

officials literally are persons…a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office. As such, it is no different from a suit against the State itself." Id. (citations omitted). Pursuant to Manders, as discussed above, Lt. Col. Beasley functions as an arm of the State when carrying out her duties at the Fulton County Jail. Thus, as held in Will, she cannot be liable for section 1983 claims brought against her in her official capacity because she is not a "person" within the meaning of section 1983. See generally Grech v. Clayton, Co., 335 F.3d 1326 (11th Cir. 2003) (affirming the District Court's grant of summary judgment to Clayton County after a detailed review of Georgia constitutional and statutory provisions as well as applicable case law which the Court found demonstrates that a Georgia Sheriff is an agent of the state, not a county policymaker for purposes of the county's liability under section 1983). Accordingly, Plaintiff's section 1983 claim against Lt. Col. Beasley in her official capacity must be dismissed as a matter of law.

### III. Lt. Col. Beasley, In Her Individual Capacity, Is Entitled to Qualified Immunity From Plaintiff's Federal Law Claim.

Lt. Col. Beasley is entitled to qualified immunity from Plaintiff's federal claim against her in her individual capacity. So long as a governmental official acts within the scope of her discretionary authority and does not violate clearly

established law of which a reasonable person should have known, the doctrine of qualified immunity protects her. Harlow v. Fitzgerald, 457 U.S. 800, 818 (2006); Purcell Ex. Rel. Estate of Morgan v. Toombs County, Ga., 400 F.3d 1313, 1319 (11th Cir. 2005). Qualified immunity provides immunity from suit, not just immunity from liability. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." Vinyard v. Stanfield, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotations marks and citations omitted)).

To receive qualified immunity, a defendant must first show that she was exercising her discretionary authority. Stephens v. Lin, 612 Fed. Appx. 581, 582 (11th Cir. 2015). Discretionary authority is defined as "all actions of a governmental official that (1) 'were undertaken pursuant to the performance of his duties,' and (2) were 'within the scope of his authority.'" Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994) (quoting Rich v. Dollar, 841 F.2d 1558, 1564 (11th Cir. 1988)). Once Lt. Col. Beasley shows that she was engaged in discretionary conduct, the burden shifts to Plaintiff to show that qualified immunity is not

appropriate.  Jenkins v. DeKalb County, Ga, 528 F. Supp. 2d 1329, 1336-37 (N.D. Ga. 2007) (citing Mathews v. Crosby, 480 F.3d 1265, 1269 (11th Cir. 2007).

Lt. Col. Beasley is entitled to the protection of qualified immunity unless the plaintiff can show "that the facts when viewed in the light most favorable to the plaintiff establish a constitutional violation" and "that the illegality of the [government official's] actions was 'clearly established' at the time of the incident."  Muhammad v. Sapp, 388 Fed. Appx. 892, 898 (11th Cir. 2010).  A plaintiff seeking to overcome the defense of qualified immunity must first establish the violation of a constitutional right.  Saucier v. Katz, 533 U.S. 194, 201 (2001). Then, he must be able to demonstrate that the right was so clearly established at the time of the alleged violation that a reasonable public official in a similar situation would be aware that her conduct was unconstitutional.[7]  Id.; Siegert v. Gilley, 500 U.S. 226, 232 (1991).  This is a "purely legal question."  Id.

Qualified immunity may be defeated only by pointing to judicial decisions of the United States Supreme Court, the Eleventh Circuit, and the Georgia Supreme Court that clearly establish the law.  Griffin Indus. Inc. v. Irvin, 496 F.3d

---

[7] After Pearson v. Callahan, 555 U.S. 223 (2009), the court is no longer required to conduct the qualified immunity analysis in the sequence specified in Saucier v. Katz, 533 U.S. 194 (2001).  See Olivier v. Fiorino, 586 F.3d 898, 905 (11th Cir. 2009).  Instead, the court may now exercise its sound discretion to decide which prong of the inquiry to address first.  See Pearson, 555 U.S. at 236.

1189 (11th Cir. 2007).  Further, the contours of the right violated must be sufficiently clear such that a reasonable official would understand that what she is doing violates that right.  United States v. Lanier, 520 U.S. 259, 270 (1997).  In the qualified immunity analysis, the relevant question to be answered is whether a "reasonable official" would have believed the defendant's actions to be lawful in light of clearly established law and the information possessed by the defendant. Anderson v. Creighton, 483 U.S. 635, 641 (1987).

Berg v. White, 2013 WL 820342 (M.D. Ga., January 17, 2013) is particularly instructive as the facts in that case are almost identical to the ones here. Despite receiving credit for time served, the Plaintiff in Berg was not released from the Peach County Jail ("PCJ") because the jail failed to receive documentation from the court indicating that Plaintiff was to be released.  Berg, 2013 WL 820342, at *2.  Although the Plaintiff contended, just as Plaintiff Jones does, that the Judge announced in open court that he was to be given credit for time served, PCJ policy required written documentation before an inmate could be released.  Id. at *5. Further, just as here, "multiple bench warrants and court appearances created significant confusion as to Plaintiff's status."[8]  Id.

---

[8] On January 7, 2014, Judge Lovett entered an order on the first charge, revoking the balance of Plaintiff's probation and sentencing him to prison.  On January 8, 2014, Judge Russell entered an order on the second charge referring Plaintiff to the

The Berg court granted the Defendants' motion for summary judgment, finding that they were entitled to Eleventh Amendment immunity and qualified immunity. The court not only found that Defendants were arms of the state, Id. at *3-4, but it also held that Defendants "had no fair warning that their actions violated clearly established law when they relied upon the documentation supplied to the PCJ that Plaintiff was not entitled to be released without payment of a cash bond." Id. at *6.

The Fulton County Sheriff's Office maintains a Jail Division Standard Operating Policies and Procedures ("P&P") Manual, and sections 2000 and 2600 of that manual contain all of the policies and procedures concerning inmate release from the Fulton County Jail. Beasley Aff., ¶ 5. Just as in Berg, pursuant to Jail P&P No. 2000-01, attached as Exhibit "A" to Lt. Col. Beasley's affidavit, an inmate cannot be released from the Fulton County Jail until jail personnel receive a written order from a judge. Beasley Aff., ¶ 7; see Jail P&P No. 2000-0, pp. 20-26. A judge ordering an inmate's release from the

---

sober living program and placing him on probation for a period of four (4) years and six (6) months thereafter. Lt. Col. Beasley can only surmise that Plaintiff was initially released due to Judge Lovett's order being filed just one day earlier than Judge Russell's, which apparently led to a bit of confusion. See Exhibits A and C, which show that Judge Lovett's order was filed on January 7, 2014 and Judge Russell's on January 8, 2014.

Fulton County Jail from the bench, without reducing his or her order to writing, is not sufficient. Beasley Aff., ¶ 7. Further, pursuant to Jail P&P No. 2600-03, attached as Exhibit "B" to Lt. Col. Beasley's affidavit, an inmate cannot be released from the Fulton County Jail if he has a detainer (or "hold") from another agency, such as the Georgia Department of Corrections, until that agency is notified. Beasley Aff., ¶ 8. If the agency advises jail personnel that it wants the inmate to continue to remain held in custody pursuant to the detainer, then the inmate cannot be released. Id.

Here, Lt. Col. Beasley was acting within the scope of her discretionary authority when she ordered that Plaintiff be returned to the Fulton County Jail after she was advised that the sober living program had closed. Despite Plaintiff's claims to the contrary, Judge Russell's probation order contained no such "come back" notice. See Exhibit C. And in fact, Judge Lovett's alleged "termination order" did not terminate Plaintiff's probation at all, but instead, sentenced him to prison. See Exhibit A. Lt. Col. Beasley had Plaintiff rightly returned to the jail as he was a Georgia Department of Corrections inmate per Judge Lovett's January 7, 2014 order. Beasley Aff., ¶ 9. Further, Plaintiff was properly held until March 11, 2014 following his March 3, 2014 hearing before Judge Russell because though she may have ordered from the bench that he be released, she did not file a

14

written release order with the Clerk until March 11, 2014.  <u>See</u> Exhibit F and Beasley Aff., ¶ 10.  Upon her doing so, Plaintiff was immediately released from the Fulton County Jail.  Beasley Aff., ¶ 9.

At all times, Lt. Col. Beasley was acting within her discretionary authority, and therefore, she is entitled to qualified immunity as to the federal claim against her in her individual capacity.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety and Lt. Col. Beasley's Motion for Summary Judgment should be GRANTED.

Respectfully submitted, this 16th day of August, 2017.

          **OFFICE OF THE FULTON COUNTY ATTORNEY**

          Patrise Perkins-Hooker
          County Attorney
          Georgia Bar No. 572358

          Kaye Woodard Burwell
          Deputy County Attorney
          Georgia Bar No. 775060

          */s/ Ashley J. Palmer*
          Ashley J. Palmer
          Senior Assistant County Attorney
          Georgia Bar No. 603514
          ashley.palmer@fultoncountyga.gov

141 Pryor Street, S.W., Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEVIN DARNELL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | 1:15-CV-0297-WBH |
| MAJOR KIRT BEASLEY, et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## CERTIFICATE OF SERVICE

THIS CERTIFIES that on August 16, 2017 **BRIEF IN SUPPORT OF DEFENDANT LT. COL. KIRT BEASLEY'S MOTION FOR SUMMARY JUDGMENT** was electronically filed using Times New Roman, 14 point type in accordance with Local Rule 5.1(C) with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following *pro se* Plaintiff:

Kevin Darnell Jones
c/o Safehouse Outreach
89 Ellis Street, N.E.
Atlanta, Georgia 30308

This 16th day of August, 2017.

*/s/ Ashley J. Palmer*
Ashley J. Palmer

                                      Senior Assistant County Attorney
                                      Georgia Bar No. 603514
                                      ashley.palmer@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W., Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)