# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KEVIN DARNELL JONES, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:15-CV-297-WBH-CMS |
| MAJOR K. BEASLEY, | : | |
|    Defendant. | : | |

## FINAL REPORT AND RECOMMENDATION

This prisoner civil rights action is before me on Defendant Kirt Beasley's Motion for Summary Judgment. *See* [64]. Because summary judgment is appropriately granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), I **RECOMMEND** that Beasley's summary judgment motion be **GRANTED** and that this case be **DISMISSED**.

Plaintiff Kevin Darnell Jones filed this case in January 2015, while incarcerated in the Fulton County Jail. *See* [1]. Jones's amended complaint alleged, *inter alia*, that he was kept in detention after a Fulton County Superior Court judge had ordered that he be released. *See* [3]. The Honorable Willis B. Hunt, Jr. screened Jones's amended complaint and

dismissed it pursuant to 28 U.S.C. § 1915A, citing *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See* [17].  Jones appealed, and the United States Court of Appeals for the Eleventh Circuit remanded the case, concluding that Jones had "sufficiently alleged a due process violation under [42 U.S.C.] § 1983 that is not barred by *Heck*." [28] at 7.  Judge Hunt adopted the Eleventh Circuit's decision as the mandate of this Court.  *See* [33].

In February 2017, Beasley, the only defendant served with process, moved to dismiss this case.  *See* [58].  Jones opposed Beasley's motion to dismiss and moved for discovery.  *See* [59] & [60].  In June 2017, Judge Hunt denied Beasley's motion to dismiss and granted Jones's motion for discovery.  *See* [61].  Judge Hunt also clarified that the only claim remaining in this case was Jones's due process claim against Beasley in her individual capacity.  *See id.*

At the conclusion of the discovery period in mid-August 2017, Beasley filed the motion for summary judgment now pending before the Court.  *See* [64].  Although the Clerk of the Court transmitted a notice to respond to Jones at the last address he provided to the Court, *see* [Unmbrd. Dkt. Entry dated Sept. 13, 2017], as of today, Jones has not responded.

Thus, the undisputed material facts are as follows:

In 2012, Fulton County Superior Court Judge Willie Lovett sentenced Jones to serve a term of probation in Case 10SC91255. In 2013, Jones was indicted on new charges in Case 13SC121098. Consequently, on January 6, 2014, Judge Lovett entered a written order revoking Jones's probation and directing that Jones serve the balance of his sentence in Case 10SC91255 in a state penitentiary. *See* [64-2].

On January 6, 2014 (*i.e.*, the same day), Fulton County Superior Court Judge Constance Russell sentenced Jones in Case 13SC121098 to a new term of probation and stated verbally that she would rescind Judge Lovett's probationary sentence in Case 10SC91255. *See* [64-3] ("With respect to 10SC91255, close it out. Just close it out. So the only probation you're going to have is mine"). Judge Russell further ordered that Jones spend a minimum of six months of his new probationary sentence in Case 13SC121098 at the "Sober Living" program in East Point, Georgia. *See id.* Judge Russell's written sentencing order, entered on January 8, 2014, however, did not reference Case 10SC91255. *See* [64-4].

On January 20, 2014, Jones was transported from the Fulton County Jail to the "Sober Living" program in East Point to begin serving his probationary sentence in Case 13SC121098.  When jail officers arrived, they learned that the program had closed.  The jail officers contacted Beasley, then a supervisor at the Fulton County Jail, who ordered that Jones be brought back to the Fulton County Jail.  *See* [64-8].

On January 28, 2014, Jones was transferred from the Fulton County Jail to Coastal State Prison to serve the sentence of imprisonment imposed by Judge Lovett by written order in Case 10SC91255.  Jones contacted Judge Russell, who held a new sentencing hearing on March 3, 2014.  *See* [64-6].  And, on March 11, 2014, Judge Russell issued an Amended Order, administratively closing Case 10SC91255 and vacating Judge Lovett's sentence of imprisonment.  *See* [64-7].

When Judge Russell issued her written order on March 11, 2014, Jones was released.  *See* [64-8] at 3.  This was done in accordance with Fulton County Jail policy, which requires a written court order.  *See id.* at 2.

Jones's claim in this case is that he should have been released from the Fulton County Jail on January 20, 2014, as soon as jail officials learned

4

that the "Sober Living" program was closed because Judge Russell had otherwise sentenced him only to a term of probation in Case 13SC121098 and had indicated during his sentencing hearing in her courtroom that she would be vacating Judge Lovett's sentencing order in Case 10SC91255. Beasley's failure to approve his release, and his subsequent transfer to Coastal State Prison, Jones contends, violated his Fourteenth Amendment due process rights.

As the Eleventh Circuit noted in deciding Jones's appeal in this case, "[a] due process violation ensues from the continued detention of a person after it was or should have been known that the detainee was entitled to release," and "[a] plaintiff must also show that the defendant[] acted with deliberate indifference, which requires proving that the defendant[] subjectively knew of a risk of serious harm, and disregarded that risk by actions that constitute more than mere negligence."  [28] at 5 (citing *Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009).

On the undisputed facts in this case, I have no difficulty concluding that Beasley did not violate Jones's due process rights under the Fourteenth Amendment, both because (A) there is no indication that she was (or

should have been) aware that Judge Russell had verbally expressed an intent to vacate Jones's sentence in Case 10SC91255 before Judge Russell memorialized that intention in a written order issued on March 11, 2014, and (B) there is no indication that Beasley acted with deliberate indifference to Jones's constitutional rights. Beasley has adequately demonstrated that she acted in accordance with Fulton County Jail policy, and Jones was released without delay when Judge Russell issued her written order in Case 10SC91255 on March 11, 2014. *See* [64-8] at 3. Indeed, until Judge Russell entered her amended order on March 11, 2014, the operative order in Case 10SC91255 was Judge Lovett's January 6, 2014 Order, directing that Jones be imprisoned, with which Beasley complied.

In the absence of any underlying constitutional violation, Beasley is also entitled to qualified immunity. *See generally Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

For the foregoing reasons, Beasley's motion for summary judgment should be granted, and this case should be dismissed.[1]

---

[1] I recognize and understand Jones's frustration that two Fulton County Superior Court judges issued conflicting written orders and verbal instructions in his two criminal cases on January 8, 2014, and that it took until to March 11, 2014, for these conflicts to be resolved and his sentences

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO RECOMMENDED AND DIRECTED**, this 12th day of October, 2017.

_/s/ Catherine Salinas_
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

---

harmonized.  But Beasley did not violate Jones's constitutional rights by complying with a written order issued on January 8, 2014, until that order was amended in writing on March 11, 2014.